FILED by JB D.C.

Apr 30, 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20349-CR-ALTONAGA/GOODMAN

18 U.S.C. § 1341
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

ALBERTO RODRIGUEZ,

    **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

### Federal Tobacco Excise Tax and Customs Brokers

1. The Alcohol and Tobacco Tax and Trade Bureau ("TTB") administered and enforced Federal statutes and TTB regulations pertaining to, in part, tobacco products imported into the United States from a foreign country.

2. Tobacco products included "cigars," which were defined as "any roll of tobacco wrapped in leaf tobacco or in any substance containing tobacco." 26 U.S.C. § 5702(a) and (c). "Large cigars" were cigars weighing more than three pounds per one thousand cigars. 26 U.S.C. § 5701(a)(2).

3. A person or entity who imported tobacco products into the United States was required to pay excise tax ("Federal Tobacco Excise Tax") to the United States. 26 U.S.C. § 5703(a)(1).

4. Federal Tobacco Excise Tax on imported large cigars was determined at the time the cigars were removed by the importer, or its designee, from the custody of United States Customs and Border Protection ("CBP"). 26 U.S.C. § 5703(b)(1). The importer or its designee was required to pay Federal Tobacco Excise Tax directly to CBP. 27 C.F.R. § 41.62.

5. Tobacco importers often designated customs brokers to facilitate the importation of tobacco products into the United States. A customs broker was a person who was licensed to transact customs business, including, in part, the payment of duties, taxes, or other charges assessed or collected by CBP on merchandise by reason of its importation, on behalf of others. 19 C.F.R § 111.1.

6. Federal Tobacco Excise Tax properly due and owing on imported large cigars was calculated based on a statutorily mandated percentage of the price for which the cigars were to be sold by the importer (the "first sale price"). 26 U.S.C. § 5701(a)(2); 27 C.F.R. § 41.39.

7. The Federal Tobacco Excise Tax rate for large cigars was 52.75 percent of the first sale price, but not more than 40.26 cents per cigar. 26 U.S.C. § 5701(a)(2).

8. Under Federal law, customs brokers were required to keep current in a correct, orderly, and itemized manner, records of account reflecting all their financial transactions as a broker. Customs brokers were further required to keep and maintain on file copies of all their correspondence and other records relating to their customs business. 19 C.F.R § 111.21.

9. Proper and truthful recordkeeping and documentation as mandated by Federal law and regulations was essential to enable CBP to perform its function with respect to collecting Federal Tobacco Excise Tax properly due and owing.

## MAIL FRAUD
## (18 U.S.C. § 1341)

From in or around July 2013, through in or around July 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ALBERTO RODRIGUEZ,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, and attempting to do so, did knowingly cause to be delivered certain mail matter by the United States Postal Service, according to the directions thereon, in violation of Title 18, United States Code, Section 1341.

## PURPOSE OF THE SCHEME AND ARTIFICE

10. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by making materially false and fraudulent representations, and by the concealment of material facts, concerning, among other things, the Federal Tobacco Excise Tax properly due and owing on large cigars imported by the defendant's clients.

## THE SCHEME AND ARTIFICE

11. At least as early as July 2013, **ALBERTO RODRIGUEZ** operated as a customs broker in the State of New York.

12. Importer 1 and Importer 2 were importers of tobacco products, including large cigars, and were responsible for paying Federal Tobacco Excise Tax properly due and owing on imported large cigars.

13. To facilitate the importation of large cigars, Importer 1 and Importer 2 contracted with **ALBERTO RODRIGUEZ** to oversee the entry into the United States of large cigars and to pay any Federal Tobacco Excise Tax due and owing thereon.

14. **ALBERTO RODRIGUEZ** created false and fraudulent documents, including CBP Forms 7501 ("Entry Summaries"), which misrepresented, among other things, (a) the quantities of large cigars imported into the United States by Importer 1 and Importer 2 and (b) the Federal Tobacco Excise Tax due and owing thereon.

15. **ALBERTO RODRIGUEZ** consistently underreported and evaded the Federal Tobacco Excise Tax properly due and owing to CBP on large cigars imported into the United States by Importer 1 and Importer 2, by transmitting to CBP false and fraudulent documents, via United States Postal Service mail and other means.

16. To profit from the scheme, **ALBERTO RODRIGUEZ** sent invoices to Importer 1 and Importer 2 reflecting the true quantities of imported large cigars and the properly calculated Federal Tobacco Excise Tax due and owing thereon.

17. As a result, Importer 1 and Importer 2 paid to **ALBERTO RODRIGUEZ** the Federal Tobacco Excise Tax properly due and owing on large cigars imported by Importer 1 and Importer 2, which was in excess of the amount **RODRIGUEZ** paid to CBP.

18. To conceal the scheme, **ALBERTO RODRIGUEZ** altered documents, including importer invoices and bank records, and provided these altered documents to TTB agents and employees, all for the purpose of misleading TTB and pretending that **RODRIGUEZ** had correctly calculated and paid to CBP the Federal Tobacco Excise Tax properly due and owing on large cigars imported by Importer 1 and Importer 2.

19.     In total, **ALBERTO RODRIGUEZ** evaded paying CBP approximately $503,681.15 for Federal Tobacco Excise Tax due and owing on large cigars imported by Importer 1 and Importer 2.

## USE OF THE MAILS

20.     On or about April 21, 2016, the defendant, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly cause to be delivered, directly and indirectly, by the United States Postal Service, according to the directions thereon, one parcel containing false and fraudulent CBP Daily Statement Reports for Entry Number FE7-0007303-7, mailed from New York, to CBP in Miami, Florida.

In violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE
## (18 U.S.C. § 981(a)(1)(C))

1.     The allegations in this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **ALBERTO RODRIGUEZ**, has an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 1341, as alleged in this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violations. This includes, but is not limited to, a sum of money equal in value to the gross proceeds traceable to the commission of the offense alleged in this Information, approximately $503,681.15, which the United States will seek as a money judgment as part of the defendant's sentence.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, all of which are made applicable by Title 28, United States Code, Section 2461(c).

_for_ _[signature]_
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

_[signature]_
CHRISTOPHER B. BROWNE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| ALBERTO RODRIGUEZ, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant. _____ / | **Superseding Case Information:** |

**Court Division:** (Select One)

New Defendant(s)    Yes ____    No ____
Number of New Defendants ____
Total number of counts ____

_X_ Miami    ____ Key West
____ FTL    ____ WPB    ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    __YES__
   List language and/or dialect    __SPANISH__

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)      (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | _X_ | Petty | ____ |
   | II | 6 to 10 days | ____ | Minor | ____ |
   | II | 11 to 20 days | ____ | Misdem. | ____ |
   | IV | 21 to 60 days | ____ | Felony | _X_ |
   | V | 61 days and over | ____ | | |

6. Has this case been previously filed in this District Court? (Yes or No)    __No__
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)    __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)    __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ____ Yes    _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ____ Yes    _X_ No

_____
CHRISTOPHER B. BROWNE
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 91337

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ALBERTO RODRIGUEZ

**Case No**: _____

Count #: 1

Mail Fraud

Title 18, United States Code, Section 1341

**\*Max. Penalty:** Twenty (20) years' imprisonment

Count #:

_____

**\*Max. Penalty:**

Count #:

_____

**\*Max. Penalty:**

Count #:

_____

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| ALBERTO RODRIGUEZ, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*